Brian S. King, #4610
**Brian S. King, Attorney at Law**
336 South 300 East, Suite 200
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com

Attorney for Plaintiffs

---

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

---

| | | |
|---|---|---|
| BRAD J., KIM J., and SPENCE J., | : | |
| | : | **COMPLAINT** |
| Plaintiffs, | : | |
| | : | |
| vs. | : | Civil No. 2:11-CV-00462 BSJ |
| | : | |
| THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, | : | |
| | : | |
| | : | |
| Defendants. | : | |

---

The Plaintiffs Brad J. ("Brad"), Kim J. ("Kim"), and Spence J. ("Spence"), through their undersigned counsel, complain and allege against Defendants as follows:

### PARTIES, JURISDICTION AND VENUE

1. The plaintiffs are natural persons residing in the state of Illinois. Although the plaintiffs reside in Illinois, it is their desire that this case be brought and resolved in the District Court of Utah where he has access to counsel of his choice and where the medical care which is the subject of this lawsuit is provided.

2. Brad is an insured through a group health insurance policy issued by The Guardian Life Insurance Company of America ("The Guardian") to his employer.

3. Brad's wife, Kim and his son, Spence, were also insureds under The Guardian Group Health Policy.

4. Brad is a participant in an employee welfare benefit plan sponsored by his employer and Kim and Spence are beneficiaries under that employee welfare benefits plan.

5. Spence received treatment at Island View Residential Treatment Center ("IVRTC"), a licensed health care facility located in Syracuse, Utah which provides residential treatment and therapy to adolescents with mental, behavioral and emotional problems.

6. The Guardian is a foreign corporation doing business in the state of Utah.

7. The employee welfare benefit plan providing health insurance for Spence is an employee welfare benefits plan pursuant to 29 U.S.C. § 1001, *et seq.* of the Employee Retirement Income Security Act of 1974 ("ERISA").

8. This is an action brought under ERISA. This Court has jurisdiction of this case under 29 U.S.C. §1132(e)(1) and venue is appropriate under 29 U.S.C. §1132(e)(2) and 29 U.S.C. §1391(c) because the care provided to Spence was provided in Utah, Brad and Kim's financial obligations were incurred in Utah, pre-litigations communications occurred between The Guardian and IVRTC in the State of Utah and the breaches of ERISA and The Guardian policy occurred in the State of Utah.

9. Based on ERISA's nationwide service of process provision in 28 U.S.C. §1391, jurisdiction and venue are appropriate in the District of Utah.

10. The remedies the Plaintiffs seek under the terms of ERISA and under The Guardian policy are for payment of benefits due to them pursuant to 29 U.S.C. §1132(a)(1)(B), and for an award of interest and attorney fees under 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

11. Spence had difficulty with behavioral, social and family problems for several years before being admitted to treatment at IVRTC.

12. In 2007, the year before he came to IVRTC, Spence saw a therapist for nine months for depression.

13. In March of 2008 Spence was hospitalized for eight days and then treated in an outpatient setting for approximately ten days following a suicide attempt.

14. In the time frame before being admitted into IVRTC Spence engaged in other dangerous behaviors including binging and purging, cutting to relieve anxiety, an attempted overdose on Advil and sleeping medications and other attempts to commit suicide.

15. Spence struggled with issues concerning self-worth, deceit, body image and sexual orientation. He exhibited decreased interest in activities, isolating behaviors and fatigue problems.

16. After his discharge from the hospital in the spring of 2008 and outpatient therapy following that stay, his anxiety and depression continued to be so great that he made another attempt at suicide.

17. Spence was admitted to IVRTC on April 8, 2008 and was discharged on October 17, 2008.

18. Prior to his admission at IVRTC on April 8, 2008 Spence was diagnosed with Major Depressive Disorder, Recurrent, Severe; Panic Disorder Without Agoraphobia; Eating

Disorder; and Relational Problems. At the time of his admission his Global Assessment of Functioning ("GAF") was 40.[1]

19. The Guardian eventually approved coverage for Spence through May 23, 2008 and thereafter denied coverage for his treatment at IVRTC asserting that residential treatment was not medically necessary under the terms of the policy after that date.

20. Spence's course of treatment at IVRTC resulted in some improvement over time. However, he continued to have significant mental, emotional and behavioral problems after May 23, 2008.

21. On a home visit in July, Spence had impulses to engage in self-mutilating behavior. In addition, scheduled trial visits at home were cancelled because of failure to progress in his treatment at IVRTC.

22. Before his enrollment at IVRTC, members of Spence's treatment team felt it was necessary for him to be in a residential treatment setting for several months after the May 23, 2008 deadline that The Guardian imposed for care at IVRTC.

23. Brad and Kim wrote to The Guardian and appealed its denial of coverage for Spence at IVRTC after May 23, 2008 but The Guardian maintained its denial of coverage.

24. Brad, Kim and Spence exhausted the appeal process required under the terms of The Guardian policy and ERISA.

---

[1] The Global Assessment of Functioning ("GAF") was developed for mental health care providers to assess the over- all level of function and ability to carry on activities of daily living for their patients. There is a separate assessment scale utilized when a patient is a child or adolescent. The GAF of 40 on the Children's Global Assessment Scale indicates "some impairment in reality testing or communication (e.g., speech is at times illogical, obscure, or irrelevant) OR major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood (e.g., depressed man avoids friends, neglects family, and is unable to work; child frequently beats up younger children, is defiant at home, and is failing at school)." DSM-IV-TR, p. 47.

25. The Plaintiffs have retained counsel to assist them in pursuing their claim for coverage under The Guardian policy and have incurred attorney's fees in doing so.

## CAUSE OF ACTION
### (Claim for Benefits Pursuant to 29 U.S.C. § 1132(a)(1)(B))

26. The actions of the Defendants in failing to provide coverage for Spence's medically necessary treatment at IVRTC is a violation of ERISA and the terms of The Guardian policy.

27. In addition, The Guardian's actions and failures to act constitute a breach their fiduciary duty to the Plaintiffs under 29 U.S.C. §1104 and 29 U.S.C. §1133 by failing to provide a full and fair review of the Plaintiff's claims.

28. ERISA imposes higher-than-marketplace quality standards on insurers. It sets forth a special standard of care upon an ERISA plan fiduciary, namely that the fiduciary "discharge [its] duties in respect to claims processing solely in the interest of the participants and beneficiaries" of the ERISA plan. 29 U.S.C. §1104(a)(1).

29. ERISA also underscores the particular importance of accurate claims processing by requiring that administrators provide a "full and fair review" of claims denials. 29 U.S.C. §1133(2).

30. The actions of The Guardian have resulted in damage to the Plaintiffs in the form of a denial of payment for medically necessary care provided to Spence at IVRTC totaling approximately $75,000.00.

31. The Guardian is responsible to pay Spence's benefits pursuant to the terms of the group health insurance policy together with prejudgment interest and the Plaintiffs' attorney fees and costs pursuant to U.C.A. §15-1-1 and 29 U.S.C. §1132(g).

**WHEREFORE** Plaintiffs pray for judgment as follows:

1. For a judgment in the amount of the unpaid benefits that are owed for Spence's medically necessary treatment at IVRTC from The Guardian plus an award of pre and post judgment to the date of payment pursuant to U.C.A. §15-1-1;

2. For an award of attorney's fees and costs pursuant to 29 U.S.C. §1132(g);

3. For such further relief as the Court deems just and equitable.

DATED this 23rd day of May, 2011.

                                                s/ Brian S. King
                                                Brian S. King
                                                Attorneys for Plaintiffs